IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KALAKE FONUA and KENNETH ASHTON FONUA,<br><br>    Plaintiffs,<br><br>  v.<br><br>THE CITY OF SAN MATEO, et al.,<br><br>    Defendants.<br>_____/ | No. 09-05983 CW<br><br>ORDER DENYING PLAINTIFF KENNETH ASHTON FONUA'S OBJECTIONS TO JUDGMENT |

    Plaintiff Kenneth Ashton Fonua filed two documents after judgment entered in this case. One begins, "Complaint is now lodged against the abovementioned Judge Wilken's decision to grant Summary Judgment for The City of San Mateo," and the other is entitled, "Request for Postponement of the Pre-Trial Hearing Scheduled for June 28th, 2011." The Court construes the first document as a motion to reconsider the Court's June 13, 2011 Order Granting Defendants' Motion for Summary Judgment and for relief from the June 13, 2011 judgment in favor of Defendants.

    Federal Rule of Civil Procedure 60(b) provides that a court may relieve a party from final judgment for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

>   (3) fraud (whether heretofore called intrinsic or extrinsic), misrepresentation, or other misconduct of an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged . . .; (6) any other reason justifying relief from operation of the judgment.

Fed. R. Civ. P. 60(b).

A motion brought under Rule 60(b) is similar to a motion for a new trial under Rule 59 of the Federal Rules of Civil Procedure, except that it may be asserted after the ten-day time limit for motions brought under Rule 59. Rule 59(e) motions are interpreted as motions for reconsideration, and "should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." McDowell v. Calderon, 197 F.3d 1253, 1255 (9th Cir. 1999) (en banc) (quoting 389 Orange St. Partners v. Arnold, 179 F.3d 656, 665 (9th Cir. 1999)). The procedure provided by Rule 60(b) is not a substitute for appeal or a means of attacking some perceived error of the court. Twentieth Century-Fox Film Corp. v. Dunnahoo, 637 F.2d 1338, 1341 (9th Cir. 1980).

In his motion, Plaintiff argues that, because the Court did not grant summary judgment to Defendants when they sought it in April 2011, it was inconsistent for the Court to then grant Defendants' motion in June 2011. Plaintiff states that he has been patiently waiting to bring his claims to trial, that he would win when his evidence is heard, and that he objects to the Court's cancellation of the pretrial hearing scheduled for June 28, 2011 because the Court scheduled the pretrial hearing itself.

Plaintiff misconstrues the Court's previous orders. The April order to which Plaintiff refers must be the April 19, 2011 Order on Plaintiffs' Opposition to Defendants' Motion for Summary Judgment (Docket No. 51), in which the Court noted that Plaintiffs had not filed their opposition to the motion for summary judgment by the April 14, 2011 deadline and ordered them to file it by April 26, 2011. Because Plaintiffs did not file their opposition to Defendants' motion for summary judgment in a timely manner, the Court vacated the hearings on Defendants' summary judgment motion and further case management conference that were scheduled for May 5, 2011. The April 19, 2011 Order did not express an opinion about the merits of Plaintiffs' claims; it merely informed Plaintiffs that, in order to defend themselves against Defendants' motion, they had to file an opposition.

Furthermore, the Court routinely schedules pretrial conferences in cases as a procedural matter--the scheduling of a pretrial conference is not a statement about the merits of a case. In this case, at the July 13, 2010 initial case management conference, the Court scheduled a pretrial conference for June 28, 2011. However, on June 13, 2011, the Court entered its Order Granting Defendants' Motion for Summary Judgment and the Clerk of the Court entered judgment in favor of Defendants. This closed the case and vacated any dates scheduled for hearings before the Court, including the previously scheduled June 28, 2011 pretrial conference.

Because Plaintiff does not present any argument that is cognizable under Rule 60(b), his request for reconsideration and

3

for relief from final judgment is denied. Because Plaintiff's case is closed, his request for postponement of the pretrial conference is denied as moot.

    IT IS SO ORDERED.

Dated: 10/24/2011

CLAUDIA WILKEN
United States District Judge

UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF CALIFORNIA

FONUA et al,

        Plaintiff,

v.

THE CITY OF SAN MATEO et al,

        Defendant.

Case Number: CV09-05983 CW

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on October 24, 2011, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Kalake Fonua
2555 Illinois Street
East Palo Alto, CA 94303

Kenneth Ashton Fonua
2555 Illinois Street
East Palo Alto, CA 94303

Dated: October 24, 2011

Richard W. Wieking, Clerk
By: Nikki Riley, Deputy Clerk